**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CASE NO. 5:24-cv-00002-MR**

| | | |
|---|---|---|
| **CHAD EDWARD CAMPBELL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| **vs.** | ) | |
| | ) | |
| **PAZAVAR PRIEST,** | ) | |
| **Acting Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

THIS MATTER comes before the Court on initial review of the Petition for Writ of Habeas Corpus filed by the Petitioner pursuant to 28 U.S.C. § 2254 on January 2, 2024. [Doc. 1]. Also before the Court is the Petitioner's Motion for Leave to Proceed *In Forma Pauperis*. [Doc. 2]

## I.  BACKGROUND

Chad Edward Campbell (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner is currently serving a sentence of fourteen to twenty-six months of incarceration following an August 29, 2023 conviction in Ashe County Superior Court, to which the Petitioner pleaded guilty to multiple drug related offenses. [Doc. 1 at 1, 13].

The Petitioner did not file a direct appeal and he does not indicate that he has filed any post-conviction relief motions in the state trial court. [Doc. 1 at 2-3]. The Petitioner filed the pending § 2254 petition for writ of habeas corpus in this Court on January 2, 2024. [Doc. 1].

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2254, a prisoner in custody under a state court judgment may attack his conviction and sentence on grounds that it violates the Constitution and/or laws or treaties of the United States by filing a petition for writ of habeas corpus. Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to specify all the grounds for relief available to him and to state the facts that support each ground. Rule 2(c), 28 U.S.C. foll. § 2254.

In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

### A. Motion to Proceed *In Forma Pauperis*

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 2]. Rule 3(a) of the Rules Governing Section 2254 Cases

2

requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner's application shows that he has no income or amounts of money in any bank accounts. [Doc. 2]. As such, the Court finds that the Petitioner has insufficient funds to pay the required filing fee and his motion to proceed *in forma pauperis* is granted for the limited purpose of this Court's initial review of the § 2254 petition.

### B.    Initial Review of § 2254 Petition

The Petitioner raises the following grounds for relief in his § 2254 petition: (1) null indictments; (2) trial court lacked jurisdiction to prosecute; (3) ineffective assistance of counsel; and (4) improper prosecution. [Doc. 1 at 5-15]. The Petitioner seeks immediate release from custody. [Doc. 1 at 21].

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement "in two ways": (1) by directly appealing his conviction to the North Carolina Court of Appeals

and then petitioning the North Carolina Supreme Court for discretionary review; or (2) by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. Joyner v. Hooks, 2019 WL 3561429, *3 (E.D.N.C. 2019); N.C. Gen.Stat. § 7A–31; N.C. Gen.Stat. § 15A–1422. See also McNeil v. Whitener, 2012 WL 4086510, *5 (E.D.N.C. 2012)(to satisfy the exhaustion requirement, a petitioner must show that "his instant federal claims followed along one of these two tracks to completion of review in the state courts").

The Petitioner admits that he did not file a direct appeal and he provides nothing to indicate that he filed any post-conviction motions in the state trial court. [Doc. 1 at 2-3]. As such, the Petitioner has not exhausted his available state remedies before seeking relief in this Court and his § 2254 petition shall be dismissed as procedurally barred.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000)(when relief is denied on procedural grounds, a petitioner must establish both that the dispositive

procedural ruling is debatable and that the petition states a debatable claim

of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** due

   to failure to exhaust state remedies.

2. The Petitioner's Motion to Proceed *In Forma Pauperis* [Doc. 2] is

   **GRANTED**.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases,

   the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**          Signed: January 22, 2024

Martin Reidinger
Chief United States District Judge